**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
Executive Director
and Attorney-in-Chief

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

August 18, 2017

**Via ECF**
Honorable Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:    United States v. Rahimi, 16 Cr. 760 (RMB)**

Hon. Judge Berman:

Pursuant to the Court's order on August 15, 2017, we write to address certain issues relating to the parties' motions *in limine* ("MIL") and our outstanding discovery requests. *See* Ex. A at 41 (Tr. of Aug. 15, 2017 hearing).

**I.    Remaining Issues from Parties' Motions *in Limine***

We ask the Court to rule on the following issues raised in the parties' MILs on which a ruling was not made at the August 15 hearing. For the Court's convenience, we have identified the sections of the parties' briefs in which their positions on these issues are found.

a. "Montage videos" (which contain cherry-picked clips of CCTV, overlaid with editorial comments and enhancements, *e.g.*, arrows, close-ups, freeze-frames, and statements like "drop off of bag"). Def. MIL at 30-31 (Dkt. 99); Gov't Opp. MIL at 13 (Dkt. 103); *see also* Ex. A at 40.

b. August 28, 2016 text messages between Mr. Rahimi and "Relative-1." Gov't MIL at 4 & Ex. B; Def. Opp. MIL at 18-19 (Dkt. 105); *see also* Def. MIL at 4 n.2; Ex. A at 40.

c. Precluding certain prejudicial terms at trial. Def. MIL at 35; Gov't Opp. MIL at 19-20 (Dkt. 106).

d. Cross-examination of those witnesses involved in unlawfully obtaining statements and DNA evidence from Mr. Rahimi. Gov't MIL at 23-24; Def. Opp. MIL at 22-23; *see also* Ex. A at 34, 36, 40-41.

Honorable Richard M. Berman												August 18, 2017
United States District Judge																Page 2

**Re: <u>United States v. Rahimi</u>, 16 Cr. 760 (RMB)**

    e.  Allowing the Defense to pursue the theory-of-the-case or legal defenses of its choosing.[1]  Gov't MIL at 21-23, 24-25; Def. Opp. MIL at 19-22; *see also* Ex. A at 35-36.

    f.  Photographs from Asia Bibi Rahimi's cell phone.  Def. MIL at 29 n.8; *infra* at 4.

**II.    The Government's August 14, 2017 Letter Which Purports to Provide Additional Expert Disclosures and Identify Further Evidence for Admission**

On August 14, 2017, the Government noted additional experts and sought to admit at trial photographs from the cell phone of Mr. Rahimi's wife (Asia Bibi Rahimi), which were not the subject of its MIL or its August 8, 2017 letter to the Court ("August 8 letter").  *Compare* Ex. B (Ltr. from Gov't to Def., dated Aug. 14, 2017), *with* Gov't MIL; Gov't Opp. MIL; Dkt. 111; *see also* Ex. A at 36-37.  The Government's request should be denied.

A preliminary note before addressing the legal bases for preclusion.  The Government has "mentioned in several of its submissions" that it has disclosed only a "subset" of its intended evidence and indicated that "additional evidence" is forthcoming.  Ex. A at 30; *see also id.* at 32 (Government: "[T]here is additional evidence that we plan to offer in our case in chief that we have not yet moved on."); Def. Opp. MIL at 23-24.  But, as the Court pointed out, "[t]he whole point of the motion in limine practice is to narrow the issues that will be presented at trial."  Ex. A at 30; *see also id.* at 33 (Court: "The key point . . . [is that] you haven't made full discovery yet.").

The Government's approach defeats the point of the motion schedule set by the Court.  The Government chose to disregard the Court's schedule and should not be now rewarded.  *See* Def. MIL at 3.  The Government's attempts to admit further evidence and expert testimony beyond that already ruled upon should be denied, especially since it was the Government who insisted on an early trial date.  At the very least, this Court should order the Government to comply no later than September 1, 2017. *see infra* at 4-5.

In any event, the specific evidence referenced in the Government's August 14 letter should be precluded for the reasons set forth below.

*First*, the new expert disclosures are untimely and insufficient as a matter of law.  The August 14 letter was the first time that the Government identified the experts it intends to call regarding foreign language translations and electronic searches of an Apple iPhone and Sony Vaio Laptop, let alone provided any of the basic information required by Rule 16(a)(1)(G) for these

---

[1] The Court ruled on the Government's request to defense arguments concerning possible punishments, but reserved decision on the other topics proposed by the Government.  *See* Gov't MIL at 23-24; Ex. A at 35.

witnesses. Prior to August 14, the Government had only noted the possibility of calling an expert—without even identifying a single one by name:

- <u>Foreign language expert</u>. In its December 14, 2016 discovery letter, the Government said that it anticipated calling an unnamed expert regarding "English translations of electronic communications." Dkt. 81, Ex. C. The Government did not mention a foreign language expert again (including in any of its other expert disclosures) until its opposition to our motion to dismiss/suppress, where it asserted that "[Aaron] Zelin, or foreign language experts," will testify about foreign language terms found in the notebook. Dkt. 81 at 17, 20; *see also* Dkt. 84 at 12; Ex. C at 34 (Tr. of June 20, 2017 Hearing). Eight months later, the Government names the witness (Abdelmajid Fouad) and says that he will testify "regarding translations of foreign-language portions of the [notebook]," attaching his CV. *See* Ex. B. The Government has yet to confirm the universe of translations they seek to admit.

- <u>Electronic evidence experts</u>. In its December 14 letter, the Government also noted possibly "calling one or more witnesses to testify regarding forensic searches and analyses of electronic devices seized during the investigation." Dkt. 81, Ex. C; *see also* Dkt. 77, Ex. 3 (Government's March 21, 2017 letter: "[W]e also expect to offer testimony regarding searches of certain electronic devices, including devices used as components in the destructive devices at issue in this case."). But the Government did not identify the experts themselves or the devices until August 14.

Still pending are the "actual opinions" to which each of these proposed experts would testify, the bases and reasons for them, and the other information required by Rule 16(a)(1)(G). *See United States v. Ferguson*, 06-137, 2007 WL 4539646, at *1 (D. Conn. Dec. 14, 2007); *see also* Dkt. 73 at 23. The Government has merely identified each by name, furnished her/his CV, and provided a high-level description of the parameters of her/his testimony. Such disclosures fall short of Rule 16(a)(1)(G), as the Government well knows from the Court's order requiring it to cure its similarly inadequate expert disclosures regarding Zelin less than two months ago. *See* Dkt. 94 at 5 (Court's Order of June 22, 2017); Ex. A at 17.

The Government's tardy and defective notice for these experts should be rejected, as it is insufficient as a matter of law and also because the deadline for expert disclosures passed more than three months ago. *See* Dkt. 45 (requiring *Daubert* motions to be filed by May 4, 2017). The Defense could not have mounted a proper *Daubert* challenge to these experts by that time because it did not even have the experts' names, let alone the information required by Rule 16(a)(1)(G).

*Second*, the Government's request to admit evidence from Asia Bibi Rahimi's cell phone should be denied as the Government has yet to identify which of the nearly 200 photographs of/from the phone tit intends to introduce. The Government has refused to narrow the universe. *See Compare* Def. MIL, Ex. A at 3, *with id.*, Ex. C. The Government failed to seek its admittance in its MILs (Dkts. 103 & 106) and again in the August 8 letter (Dkt. 111). The evidence should

Honorable Richard M. Berman                                                                            August 18, 2017
United States District Judge                                                                                              Page 4

**Re: <u>United States v. Rahimi</u>, 16 Cr. 760 (RMB)**

therefore be precluded based untimeliness. *See also* Def. MIL at 29 n.8 (explaining general bases for precluding the phone contents).[2]

### III. Schedule for Government's Outstanding Discovery Disclosures

Today we met and conferred with the Government at which time it confirmed that it has completed its Rule 404(b) and *Brady* disclosures. We have September 1 as the deadline for the Government to complete the following outstanding disclosures or confirm that it does not have such evidence in its possession:

- The following requests from our June 16 letter to the Government (Def. MIL, Ex. A): Request (1), concerning the FBI's review of statements by Mr. Rahimi's father in 2014; (2), concerning the FBI's review/investigation of Egyptian nationals who purportedly recovered a bag related to a device found in Chelsea; (4), regarding alleged victim injuries; (5), concerning unlawful collection of Mr. Rahimi's DNA in December 2016; (7), regarding transcripts of recorded interviews referenced in the Government's January 15, 2017 discovery letter; (8), concerning interviews with Mr. Rahimi's family members, neighbors, friends, acquaintances, or witnesses to the alleged New York and New Jersey device events; and (9), requesting confirmation of certain categories of evidence that the Government intends to introduce at trial, to the extent the Government has not already so confirmed.
- Exhibit list
- Witness list
- *Giglio* material
- Jencks Act/3500 material

The September 1 deadline is appropriate in light of the relatively short time remaining before trial (6 weeks); the client's incarceration and very limited resources at the MCC for review of the disclosures; the virtually nonexistent possibility that identifying witnesses before trial will render them unlikely to testify; the Government has been ready to try this case since March (*see* Def. MIL at 3); and an early disclosure would cause them no harm or prejudice. *See United States v. Vilar*, 530 F. Supp. 2d 616, 635 (S.D.N.Y. 2008) (Sullivan, J.) (ordering Government to produce witness and exhibit lists 60 days before trial); *United States v. Giffen*, 379 F. Supp. 2d 337, 344 (S.D.N.Y. 2004) (Pauley, J.) (ordering Government to produce exhibit list and exhibits no later than 30 days before trial); *see also United States v. Cannone*, 528 F.2d 296, 300 (2d Cir. 1975) ("district courts have authority to compel pretrial disclosure of the identity of government witnesses"); *Giffen*, 379 F. Supp. 2d at 344 (court has authority to direct the Government to identify evidence under Rule 16 and fairness principles).

The Government stated that it would respond to our proposed deadline by August 22, 2017.

\*     \*     \*

---

[2] If the Court is inclined to admit the photographs, we request an opportunity to note specific objections once the Government identifies those photographs it seeks to admit.

Honorable Richard M. Berman  August 18, 2017
United States District Judge  Page 5

**Re: <u>United States v. Rahimi</u>, 16 Cr. 760 (RMB)**

Thank you for your time and consideration of this matter.

Respectfully submitted,

/s/

_____
Sabrina Shroff
Peggy Cross-Goldenberg
Meghan J. Gilligan
*Attorneys for the Defendant*

cc: Mr. Ahmad Rahimi (by mail)
   All Counsel (ecf)